**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Criminal Case No. 07-cr-00403-MSK**
**(Civil Case No. 16-cv-01470-MSK)**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**2.     BENJAMIN FRESQUEZ,**

      **Defendant.**

---

**OPINION AND ORDER DENYING § 2255 PETITION**

---

**THIS MATTER** comes before the Court pursuant to Mr. Fresquez's Motion to Vacate **(# 441)** under 28 U.S.C. § 2255. Also pending is a motion **(# 445)** to withdraw from representation of Mr. Fresquez.

In 2009, Mr. Fresquez pled guilty **(# 314)** to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). Later that year, the Court sentenced him to 180 months of imprisonment **(# 338)**. In calculating Mr. Fresquez's range under the Sentencing Guidelines, it applied (among other things) the career offender enhancement under §4B1.1 of the Guidelines, due to Mr. Fresquez's prior convictions for menacing with a deadly weapon and felony conspiracy to sell marijuana.

In 2015, the U.S. Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), holding that certain language in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. In 2016, the Supreme Court decided that *Johnson* would apply retroactively to convictions that had already become final. *Welch v. United States,* 136 S.Ct.

1257 (2016). This combination led many defendants, including Mr. Fresquez, to believe that the reasoning of *Johnson* should apply with equal force to the career offender language of Guideline § 4B1.2(a)(2), which contained language similar to the offending language in ACCA. However, in 2017, the Supreme Court held that the Sentencing Guidelines were not susceptible to vagueness challenges because the Guidelines were merely advisory, with the factors of 18 U.S.C. §3553(a) controlling the actual sentence that would be imposed. *Beckles v. U.S.*, 137 S.Ct. 886 (2017).

Viewed against this backdrop, Mr. Fresquez's motion must be denied for two reasons. First, the decision in *Beckles* establishes conclusively that Mr. Fresquez is not entitled to relief here because § 4B1.2(a)(2) is merely advisory. The Court's remarks at sentencing **(# 338-1)** make clear that the Court imposed sentence based on the factors of § 3553(a), not the Guidelines. Second, as the Public Defender's motion notes, Mr. Fresquez was not subject to the application of the offending language from § 4B1.2(a)(2) in any event. Rather, his menacing conviction was adjudicated to be a crime of violence under § 4B1.2(a)(1) because it involved the threatened use of physical force against another. *Citing U.S. v. Armjo*, 651 F.3d 1226, 1232 (10th Cir. 2011). Thus, even if *Johnson*'s rationale <u>did</u> apply to sentences involving the application of § 4B1.2(a)(2), Mr. Fresquez still would not be entitled to relief because his Guideline range was not calculated based on that provision.

Accordingly, Mr. Fresquez's Motion to Vacate **(# 441)** is **DENIED**. The Court has considered the appropriate factors under *Slack v. McDaniel*, 529 U.S. 473 (2000) and 28 U.S.C. § 2253 and finds that Mr. Fresquez is not entitled to a Certificate of Appealability. The Public

Defender's Motion to Withdraw (**# 445**) is **GRANTED**.  The Clerk of the Court shall close the civil case associated with Mr. Fresquez's petition.

Dated this 12th day of April, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge