IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 07-cr-00403-NYW-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    BENJAMIN FRESQUEZ,

    Defendant.

---

### ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

---

This matter is before the Court on the letter submitted by Defendant Benjamin Fresquez in which he requests early termination of his supervised release (the "Motion" or "Motion for Early Termination of Supervised Release") [Doc. 461]. The Court has reviewed the Motion, the Government's Response [Doc. 465], and the applicable case law. For the reasons set forth in this Order, the Motion for Early Termination of Supervised Release is respectfully **DENIED without prejudice**.

### BACKGROUND

On June 29, 2009, Defendant Benjamin Fresquez ("Mr. Fresquez") pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), 846, and 851. [Doc. 313; Doc. 314 at 2]. On October 13, 2009, he was sentenced

by the Honorable Marcia S. Krieger[1] to 180 months' imprisonment, to be followed by a term of 10 years of supervised release. [Doc. 333; Doc. 338 at 2, 3].

On November 3, 2015, Mr. Fresquez filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence due to an amendment to the United States Sentencing Guidelines ("USSG" or the "Guidelines"). *See* [Doc. 432]. Pursuant to District Court General Order 2014-2, Judge Krieger directed the Clerk's Office to forward Mr. Fresquez's motion to the Office of the Federal Public Defender ("FPD") to review the motion. [Doc. 433]. The FPD determined that Mr. Fresquez was not eligible for relief. [Doc. 434]. Mr. Fresquez appealed the denial of his motion, [Doc. 435], but subsequently voluntarily dismissed his appeal. [Doc. 439].

Mr. Fresquez then filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. [Doc. 441; Doc. 442]. The motion to vacate asserted the same grounds for relief as those raised in his motion for a reduction of his sentence. *See* [Doc. 442]. Again, Judge Krieger forwarded Mr. Fresquez's motion to the FPD, which determined that the USSG amendment had no impact on Mr. Fresquez's sentence. *See* [Doc. 445]. Judge Krieger denied Mr. Fresquez's motion under § 2255 on April 12, 2018. [Doc. 452]. On September 28, 2018, Mr. Fresquez filed another *pro se* motion, this time requesting resentencing, but raising some of the same arguments as his previous motions. [Doc. 454]. Judge Krieger denied the motion, explaining why the USSG amendments had no impact on Mr. Fresquez's sentence. [Doc. 455]. Mr. Fresquez appealed this decision, [Doc. 456], and his appeal was eventually dismissed as untimely. [Doc. 459].

On March 31, 2023, Mr. Fresquez filed the instant Motion, again proceeding *pro se*. [Doc. 461]. He explains that during his incarceration, he completed several courses and programs,

---

[1] Due to Judge Krieger's unavailability, this case was reassigned to the undersigned on April 4, 2023. [Doc. 462].

including a culinary arts course; a renewable energy course; the National Paving Program; and the Residential Drug Abuse Program ("RDAP").  [*Id.* at 1].  He was released to a halfway house on January 26, 2021, and after three months there, he was released to home confinement.  [*Id.*].  During his home confinement, he completed nine months of counseling and transitional drug abuse treatment.  [*Id.*].  Furthermore, within two weeks of his release from incarceration, he obtained a full-time job, and he has maintained full-time employment with that same employer ever since.  [*Id.*].  Mr. Fresquez states that he has not had any supervised-release infractions since his release and has had no police contact, [*id.*], and the Government confirms that Mr. Fresquez has never submitted a positive urinalysis ("UA"), has never missed a UA screen, and has complied with outpatient services.  [Doc. 465 at 2].  The Government does not challenge Mr. Fresquez's representations about his successful behavior and agrees that Mr. Fresquez "has performed well" and has been "highly successful" on supervision.  [*Id.* at 1–2].

Due to his success on release, Mr. Fresquez moves the Court for early termination of his supervised release.  [Doc. 461 at 2].  The Government opposes Mr. Fresquez's request, though it emphasizes that it does so "*at this time*."  [Doc. 465 at 3 (emphasis in original)].  Specifically, the Government acknowledges Mr. Fresquez's success on supervised release, but notes that he began his supervision on July 23, 2021 and has thus only served a small portion of his supervised-release term.  [*Id.* at 2–3].  The Government argues that given Mr. Fresquez's criminal history and the fact that he has only completed a small portion of his supervised-release term, supervised release should not be terminated at this time.  [*Id.* at 3].  Mr. Fresquez did not file a reply, and the time to do so has elapsed.  Accordingly, the matter is fully briefed, and the Court considers Mr. Fresquez's request below.

3

## LEGAL STANDARD

Congress established the system of supervised release in 1984, *United States v. Haymond*, --- U.S. ----, 139 S. Ct. 2369, 2382 (2019), with the intention to "assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Indeed, unlike parole, "supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation *after* the completion of his prison term." *Haymond*, 139 S. Ct. at 2382 (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012) (emphasis in original)). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 53–54.

A trial court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In so doing, the Court considers certain sentencing factors set forth in 18 U.S.C. § 3553, including:

- The nature and circumstances of the offense and the history and characteristics of the defendant;

- The need for the sentence imposed to afford adequate deterrence to criminal conduct;

- The need for the sentence imposed to protect the public from further crimes of the defendant;

- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

- The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;

- Any pertinent policy statements;

- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

4

- The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see also* 18 U.S.C. § 3583(e) (permitting a court to terminate supervised release after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"); *but see United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) ("[Section] 3583(e)(1) requires consideration of § 3553(a) when a district court *terminates* supervised release. However, it is unclear whether § 3583(e)(1) requires consideration of the § 3553(a) factors when denying a motion to terminate supervised release." (emphasis in original)).  Whether to grant a motion to terminate a term of supervised release is in the Court's discretion. *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

## ANALYSIS

Mr. Fresquez's Motion does not address any specific § 3553 factors. *See generally* [Doc. 461]. The Government opposes the Motion, primarily basing its argument on Mr. Fresquez's offense and criminal history, as contemplated in § 3553(a)(1). *See* [Doc. 465 at 2]. The Court thus focuses on this factor in its analysis, but also considers other factors as appropriate. *Cf. United States v. McCain*, No. CR 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9, 2021) (declining to consider factors not raised by the parties in their briefing); *see also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (finding no error in the district court's decision to base its denial of early termination on § 3553(a)(1)).

The Court first considers the nature and circumstances of the offense and the history and characteristics of Mr. Fresquez. *See* 18 U.S.C. § 3553(a)(1). Mr. Fresquez was convicted of conspiracy to possess with an intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. [Doc. 338 at 1]. As noted by Judge Krieger at the sentencing hearing,

5

> [Mr. Fresquez] has a total of 12 criminal history points. Because he is a career offender, he falls into Category VI, the highest criminal history category under the Federal Sentencing Guidelines. . . . But that really doesn't adequately describe the criminal history here. Mr. Fresquez, who at the time of this sentencing, is 36, has an extensive criminal history which began at the age of 15. As an adult, he has multiple misdemeanor and four prior felony convictions. These include convictions for possession of a controlled substance, menacing with a deadly weapon, conspiracy to sell marijuana and distribute controlled substances. What is important to note in this criminal history is that there are no criminal history points assigned for his convictions at ages 18 and 19 and 20 and 21. And in that time period, we are looking at six convictions, one of which is a felony. In addition there are a number of convictions that reflect violence or violent tendencies: assault, menacing, assault, possession of a weapon by a previous offender, assault. So in addition to drug distribution convictions, we have a history that involves convictions related to violence.

[Doc. 338-1 at 4:24–5:20].[2] In other words, the nature of Mr. Fresquez's crime is serious, and his criminal history is extensive.

The Court notes and commends Mr. Fresquez's many accomplishments both during and after his incarceration. *See, e.g.*, [Doc. 461 at 1]. Furthermore, the Court finds Mr. Fresquez's compliance with the terms of his supervised release commendable, as well. However, the serious nature of Mr. Fresquez's crime and his criminal history outweigh—at this juncture—Mr. Fresquez's behavior since his conviction. *See United States v. Lynn*, No. CR S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (noting the movant's "exemplary behavior," but concluding that "the serious nature of [his] crimes and [his] history and characteristics significantly outweigh[ed] [his] actions after his . . . release from prison"). Indeed, courts routinely find that compliance with terms of supervised release is not a sufficient basis to terminate that supervised release. *See, e.g.*, *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to

---

[2] When citing to transcripts, the Court cites to the document number generated by the CM/ECF system but the page and line numbers reflected on the transcript.

justify early termination."); *United States v. Mitchell*, No. 1:13-cr-538-RMB, 2020 WL 64541, at *2 (D.N.J. Jan. 7, 2020) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003))).  This factor weighs against early termination.

The Court also considers the applicable sentencing range for Mr. Fresquez's conviction. *See* 18 U.S.C. § 3553(a)(4).  The applicable sentencing range for Mr. Fresquez's conviction was 262 to 327 months' imprisonment before departures, *see* [Doc. 338 at 7], but Judge Krieger departed below the advisory Guideline range and imposed a sentence of 180 months' imprisonment.  [*Id.* at 2].  The Court notes that the Government had recommended, pursuant to the Parties' Plea Agreement, a departure between 157 and 180 months' imprisonment.  *See* [Doc. 314 at 4; Doc. 331].  Judge Krieger recognized that this was "a significant decrease from what the guidelines would recommend" based on Mr. Fresquez's conduct and criminal history.  [Doc. 338-1 at 6:11–15].  But Judge Krieger nevertheless imposed a sentence within the departure range, expressly basing her imposition of a 10-year supervised-release term on the significant departure from the Guidelines:

> With regard to supervised release, the parties have not addressed either the recommended term or the conditions that have been recommended.  Here, the statutory term is no less than eight years.  The guidelines recommend eight years.  The probation officer has recommended eight years.  *Because of the severity of this particular conviction and the facts underlying it and the extensive criminal history that Mr. Fresquez has, I intend to impose a supervised release term of 10 years.  I do that in part because the -- there has been by agreement a significant sentence reduction under 5K1.1* and also because I see that Mr. Fresquez benefits from structure and benefits from supervision.  He tends to do better with that supervision.  And it's my hope that he will not be back in this court or another court after the completion of his sentence in this case.

[*Id.* at 7:7–21 (emphasis added)]. Thus, the Court notes that Mr. Fresquez received a significant departure from the Guideline sentencing range, and the 10-year term of supervised release was imposed based, at least in part, on that departure. The Court also notes that Mr. Fresquez has only served a small portion—approximately 2 years, or 20%—of his 10-year supervised-release term. *See* [Doc. 465 at 3]. This factor also weighs against early termination at this time. *See United States v. Dodge*, No. 17-10029-EFM, 2023 WL 2987732, at *2 (D. Kan. Apr. 18, 2023) (concluding that early termination would not be in the interests of justice where the defendant received a lower-than-Guideline sentence and had then served only 15 months of a three-year supervised-release term); *United States v. Girard*, No. CRIM. 10-82, 2014 WL 1091225, at *1 (W.D. Pa. Mar. 19, 2014) (finding that early termination would not be in the interests of justice where it would "result in a sentence that would not be sufficient to comply with the sentencing factors set forth in § 3553(a)").

Finally, the Court also considers the "need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). By all accounts, Mr. Fresquez has done exceptionally well on supervised release. As he explains in his Motion, he currently participates in "monthly rational self-analysis exercises with [his] probation officer." [Doc. 461 at 1]. Mr. Fresquez reports that these monthly exercises are helpful in that they assist him in "identifying thinking errors and making sure that [he] act[s] thoughtfully rather than react out of anger or some other emotion allowing [him] to maintain control and make better choices." [*Id.*]. The Court is confident that continued participation in these exercises could only help Mr. Fresquez maintain his successful behavior post-incarceration and does not find it in the interest of justice to discontinue practices that Mr. Fresquez describes as helpful, particularly because "[t]he

8

fact of compliance [with the terms of supervised release] may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. McCain*, No. CR 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9, 2021).

In sum, the Court cannot conclude, at this time, that early termination of Mr. Fresquez's supervised release is in the interests of justice. Should Mr. Fresquez continue his successful behavior on supervised release, he may file another motion once he has competed a more substantial portion of his supervised-release term.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Motion for Early Termination of Supervised Release [Doc. 461] is respectfully **DENIED**; and

(2) The Clerk of Court shall mail a copy of this Order to:

Benjamin Fresquez, Jr.
407 East Cleveland Street
Lafayette, CO 80026

DATED: June 16, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge

9